SHEPHERD, J.,
specially concurring.
Here we have another unopposed petition to have a minor child who has illegally crossed the border of the United States declared dependent on the court for the sole purpose of helping the child obtain legal residency status in the United States. I concur in the decision of the court in this case for the reasons appearing in my concurrence1 in B.Y.G.M., Case No. 3D14-2409, issued this date. I pause to add that in all probability, these cases do not reach the threshold of a case or controversy for consideration in this court or the court below. Although required for SIJS purposes, our decisions’ in these cases are nothing but advisory opinions. Anything we decide is subject to review and reconsideration- by the United States Department of Homeland Security. See In re: [Identifying Information Redacted By Agency], No. [Identifying Information Redacted By Agency] 2007 WL 5337158 *10 (Dep’t of Homeland Sec. AAO July 3, 2007) (“While an order [of a dependency court] is required to establish eligibility under section 101(a)(27)(J) of the [Immigration and Nationality Act], it does not relieve the applicant from the burden of satisfying [the Department of Homeland Security, Citizenship and Immigration Services] that the order was supported by relevant facts, and that it may serve, as a basis for special immigrant, juvenile status.”). I see no jur-isprudentially- acceptable way for one to file what is nothing more than an unopposed request for assistance in our courts, acquiesce in the allegations of the petition, and thereby secure judicial relief. See Fla. Dep’t of Children & Families v. Y.C., 82 So.3d 1139, 1141 (Fla. 3d DCA 2012).
As in B.Y.G.M., the petitioner here asks us to read a single subsection of the Florida dependency law, 39.01(15), Florida Statutes (2013), in isolation and independent from the remainder of Chapter 39 of the *301 Florida Statutes. Such an interpretation is a “no-no” under the principle that statutes must be read as a whole. See Robinson v. Stewart, 161 So.3d 589, 595-96 (Fla. 1st DCA 2015) (Makar, J. concurring) (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 167 (2012) (“Perhaps no interpretative fault is more common than the failure to- follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts.”)); see' also Stephen Breyer, Active Liberty: Interpreting Our Democratic Constitution 101 (Vintage Books 2006) (“An overly literal reading of a text can too often stand in the way of ‘translating] the popular will into sound policy.’”).
Despite the long settled understanding in our federal system that “[policies pertaining to the entry of aliens and their right to remain here are ... entrusted exclusively to Congress,” Galvan v. Press, 347 U.S. 522, 531, 74 S.Ct. 737, 98 L.Ed. 911 (1954), the United States Congress, for reasons of its own, has decreed that our stamp of approval is a sine qua non for consideration by the United States Citizenship and Immigration Services of a child’s request for SUS status and permanent residency. It is as. if we are customs agents, although the federal government will make the final decision. I admit to an erosion of roles between state and federal responsibilities in our federal system .in recent times. However, we are not yet colonies or territories of the United States government. We correctly decline to subordinate ourselves to the whim of the. United States Congress in this case. The purpose of the dependency laws of this state is to protect and serve children and families in need, not those with a different agenda.[3]

. Section 39.001 of the Florida Statutes provides a lengthy list of purposes, the first of which is ‘‘[t]o provide for the care, safety, and protection of children.” Assistance to the United States Citizenship and. Immigration Services is not one of them. But see, § 39,5075, Fla. Stat. (2014).